■ SEBRO PACKAGING CORP., Respondent, v S.T.S. INDUSTRIES, INC., Appellant. — Order, Supreme Court, New York County (Shainswit, J.), entered January 14, 1982, which granted defendant's motion to dismiss the complaint for failure to state a cause of action only to the extent of directing plaintiff to serve an amended complaint setting forth the facts constituting the contract and the breach thereof, unanimously modified, on the law, without costs, to grant the motion to dismiss without prejudice to plaintiff's applying at Special Term for permission to serve an amended complaint. In general terms the complaint sought recovery from defendant of a specified sum of money alleged to represent damages sustained as a result of a breach of contract. The complaint failed to set forth the nature of the contractual obligation alleged to have been violated, the approximate date of the contract, or the nature of the claimed breach. Accordingly it violated the requirements set forth in CPLR 3013 that statements in a pleading shall be sufficiently particular to give notice of the transactions intended to be proved and the material elements of each cause of action. (See, e.g., *Shapolsky v Shapolsky,* 22 AD2d 91.) Special Term accordingly was correct in granting defendant's motion to dismiss the complaint on the ground that it failed to state a cause of action. However, it was error for Special Term, without a further showing, to authorize the

plaintiff to serve an amended complaint. Plaintiff had failed to comply with the requirements of CPLR 3211 (subd [e]) that evidence must be set forth that can properly be considered on a motion for summary judgment in support of a new pleading. Accordingly, the order is modified to delete the authorization to serve an amended complaint, without prejudice, however, to an application by the plaintiff at Special Term for permission to serve an amended complaint. (See 4 Weinstein-Korn-Miller, NY Civ Prac, pp 32-12, 32-13.) Concur — Kupferman, J.P., Sandler, Fein, Lynch and Alexander, JJ.