■ U.S. BANK NATIONAL ASSOCIATION, Solely in its Capacity as Trustee of the ASSET BACKED SECURITIES CORPORATION HOME EQUITY LOAN TRUST, SERIES AMQ 21006-HE7 (ABSHE 2006-HE7), Respondent, v DLJ MORTGAGE CAPITAL, INC., Defendant, and AMERIQUEST MORTGAGE COMPANY, Appellant. [44 NYS3d 747]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered on or about April 6, 2016, which, to the extent appealed from as limited by the briefs, denied defendant Ameriquest Mortgage Company's (Ameriquest) motion to dismiss the complaint, unanimously affirmed, with costs.

The heart of Ameriquest's appeal is premised on a provision of the parties' Mortgage Loan Purchase and Interim Servicing Agreement (MLPA) that was not raised before the motion court. Ameriquest contends that this provision, found in the fourth paragraph of Section 7.04 of the MLPA (the notice restriction provision), bars plaintiff's claims because it purportedly required plaintiff to notify Ameriquest within 90 days of discovery of any breach of the representations and warranties found in that agreement, which plaintiff failed to do. On this basis, Ameriquest contends that the action should be dismissed.

We decline to consider Ameriquest's new theory, which is not a purely legal argument, and was waived due to Ameriquest's failure to raise it below (*Facie Libre Assoc. I, LLC v SecondMar-*

*ket Holdings, Inc.*, 103 AD3d 565 [1st Dept 2013], *lv denied* 21 NY3d 866 [2013]).

We have considered Ameriquest's remaining contentions, including the argument raised below that CPLR 205 (a) is unavailable to plaintiff because the original action was a nullity by virtue of the plaintiff's failure to identify itself in the caption of the summons, and find them unavailing. We also find the bulk of Ameriquest's contentions to be at odds with our prior ruling in the earlier-filed prior action (*U.S. Bank N.A. v DLJ Mtge. Capital, Inc.*, 141 AD3d 431 [1st Dept 2016]). Concur—Andrias, J.P., Saxe, Feinman, Gische and Kahn, JJ.