Caserta v Triborough Bridge & Tunnel Auth. (2020 NY Slip Op 01132)





Caserta v Triborough Bridge & Tunnel Auth.


2020 NY Slip Op 01132


Decided on February 18, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 18, 2020

Acosta, P.J., Kapnick, Moulton, González, JJ.


11058N 157983/15

[*1] Dennis Caserta, Plaintiff-Respondent,
v
Triborough Bridge and Tunnel Authority, Defendants-Appellant.


The Law Office of Kenneth Arthur Rigby, PLLC, New York (Kenneth Arthur Rigby of counsel), for appellant.
Kazmierczuk & McGrath, Forest Hills (Joseph Kazmierczuk of counsel), for respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered February 26, 2019, which granted defendant's motion for a so-ordered subpoena compelling access to plaintiff's social media accounts only to the extent of directing plaintiff to provide "those items which show or discuss plaintiff attending and/or performing in concerts or playing musical instruments since March 6, 2015," unanimously modified, on the law and the facts, the motion granted without subject matter limitation, and the matter remanded for execution of such subpoenas, and otherwise affirmed, without costs.
The discovery sought by defendants, including photographs, videos, and other social media postings regarding plaintiff's social and recreational activities that might contradict his claims of disability, is relevant, useful, and reasonable (see Forman v Henkin, 30 NY3d 656, 665 [2018]; Vasquez-Santos v Mathew, 168 AD3d 587 [1st Dept 2019]). Plaintiff has not specified any items that may be irrelevant or private (see Forman at 666-667), has not sought in limine review and has actually agreed to execute an authorization releasing such information. Accordingly, the order directing disclosure only of posts regarding musical events and performances, was unduly restrictive.
We decline to consider plaintiff's argument that defendant's motion was defective pursuant to 22 NYCRR 202.7(c), since plaintiff failed to raise it below (see Wilson v Galicia Contr. & Restoration Corp., 10 NY3d 827, 829 [2008]; U.S. Bank N.A. v DLJ Mtge. Capital, Inc., 146 AD3d 603 [1st Dept 2017]). In any event, the motion sufficiently satisfied the requirements of 22 NYCRR 202.7(c) (see Loeb v Assara N.Y. I L.P., 118 AD3d 457 [1st Dept 2014]).
We have considered plaintiff's remaining arguments and find them to be unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 18, 2020
CLERK