Napolitano v Bounce 21, LLC (2023 NY Slip Op 00268)

Napolitano v Bounce 21, LLC

2023 NY Slip Op 00268

Decided on January 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 24, 2023

Before: Kapnick, J.P., González, Mendez, Shulman, Higgitt, JJ. 

Index No. 657181/21 Appeal No. 17172 Case No. 2022-03842 

[*1]Vincent Napolitano et al., Plaintiffs-Respondents,
v
Bounce 21, LLC, et al., Defendants-Appellants.

Alonso, Andalkar & Facher, P.C., New York (Mark J. Alonso of counsel), for appellants.
Law Office of Jason S. Matuskiewicz, P.C., Brooklyn (Jason S. Matuskiewicz of counsel), for respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered June 30, 2022, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss plaintiff Vincent Napolitano's claims against them pursuant to CPLR 3211(a)(1) and (7), unanimously affirmed, with costs.
Plaintiff Napolitano seeks to enforce rights under an alleged oral consulting agreement entered into in 2011 with defendant Bounce 21 LLC, which would operate a bar restaurant in New York City. The complaint alleges that, pursuant to the agreement, Napolitano agreed to provide consulting services and invest funds, in exchange for receipt of 25% of defendant Eli Benevenisti's share of profits from the business as well as a right of first refusal as to future Bounce locations. Defendants Joseph Benevisti and Benny Silman allegedly entered into identical consulting agreements, and also received substantial annual salaries, while Napolitano did not receive any salary because he was not involved in day-t0-day operations.
Defendants have not demonstrated that the alleged agreement is void and unenforceable under the doctrine of illegality. In support of their motion to dismiss, defendants submitted documentary evidence that Napolitano was convicted of a felony and argued that the alleged agreement is unenforceable because it violates New York law prohibiting convicted felons who have not received a certificate of relief from disabilities from trafficking in alcoholic beverages (Alcoholic Beverage Control Law § 126[1]). However, the statute is "merely malum prohibitum" and "does not provide expressly that its violation will deprive the parties of their right to sue on the contract" (Lloyd Capital Corp. v Pat Henchar, Inc., 80 NY2d 124, 127 [1992]; see Smith v Pope, 72 AD2d 913, 913 [4th Dept 1979]). Further, accepting the pleadings as true, defendants have not shown that the alleged consulting agreement with Napolitano, which did not involve his managing the business or serving alcohol, is violative of the statute (cf. Sirkin v Fourteenth St. Store, 124 AD 384 [1st Dept 1908] [finding unenforceable a contract for goods procured by plaintiff who bribed defendant department store's purchasing agent]; Matter of Gabler v New York State Liq. Auth., 43 AD2d 803 [4th Dept 1973] [confirming cancellation of license where licensee permitted person not named on the license to avail himself of the license by, among other things, allowing him to write checks on behalf of the restaurant and to tend bar at the restaurant]).
Defendants also did not demonstrate that the alleged oral agreement violates the statute of frauds since it was capable of performance within a year of its making and nothing in the terms of the agreement prevented the possibility of performance within one year (General Obligations Law § 5-701[a][1]; see Starr v Akdeniz, 162 AD3d 948, 949 [2d Dept 2018]; Goldberg v Select Indus., 202 AD2d 312, 313-314 [1st Dept 1994]).
Defendants' remaining arguments [*2]are raised for the first time on appeal and we decline to consider them (U.S. Bank N.A. v DLJ Mtge. Capital, Inc., 146 AD3d 603, 604 [1st Dept 2017]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 24, 2023