Gramercy Park Partners, LLC v GPH Ground Tenant LLC (2023 NY Slip Op 50726(U))

[*1]

Gramercy Park Partners, LLC v GPH Ground Tenant LLC

2023 NY Slip Op 50726(U)

Decided on July 17, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 17, 2023
Supreme Court, New York County

Gramercy Park Partners, LLC, Plaintiff,

against
GPH Ground Tenant LLC, RFR Holding LLC, GPH Investors LLC, Aby Rosen, Defendant.

Index No. 652560/2021

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 005) 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 160, 161, 162, 272, 273 were read on this motion to/for PARTIAL SUMMARY JUDGMENT
In this breach of contract action, plaintiff Gramercy Park Partners LLC (Gramercy or Landlord) alleges that defendants breached a commercial lease by failing to pay rent and failing to timely vacate the premises. In motion sequence 005, Gramercy moves for summary judgment, seeking a determination of liability on its first through third causes of action and an order awarding monetary damages and attorneys' fees.
BACKGROUND
Gramercy Park is the owner of property located at 2 Lexington Avenue, New York, New York. In October of 2006, Gramercy entered into a lease with GPH Partners LLC (Tenant) for the operation of the Gramercy Park Hotel. It is alleged that defendants GPH Ground Tenant LLC, RFR Holding LLC, GPH Investors LLC and Aby Rosen are alter egos of Tenant (NYSCEF doc. no. 134, para 86).
The lease was for a term of 72 years, terminating on September 30, 2078. Pursuant to articles 2 through 4 of the lease, Tenant was obligated to make base rental payments and pay late fees at a four percent interest rate above the prime rate in the event of a default (NYSCEF doc. no. 134, para 36). In addition, Tenant was obligated to pay all municipal and state taxes, and all expenses and costs that arise out of the enforcement of the lease terms(NYSCEF doc. no. 134, para. 37). Article 16 of the lease specifically states that there shall by no rental abatements, diminution, or reduction of rent (NYSCEF doc. no. 134, para 39). Article 21 of the lease provides for 'Events of Default,' and states that in the event of a default by Tenant, Landlord may cancel and terminate the lease upon notice to Tenant. At the expiration of five days following the [*2]notice, Tenant shall, under the terms of the lease, surrender the premises to Landlord (NYSCEF doc. no. 134, para 41).
For the period of October 2006 to November of 2020, the parties presumably operated in accordance with the lease terms without incident.
On November 1, 2020, Tenant failed to make base rental payments, failed to pay the rent stabilization fees and real estate taxes as required by the lease terms, and failed to pay all liens, and violations incurred during the operation of the premises (NYSCEF doc. no. 134, para 41).
Gramercy commenced this action for termination of the lease (fourth cause of action), ejectment (fifth cause of action), attorneys' fees (third cause of action) and breach of contract for pre and post lease termination damages (first and second causes of action).
Plaintiff's fifth cause of action was resolved by order of this court issued on May 25, 2022 and entered May 26, 2022. Plaintiff's fourth cause of action was resolved pursuant to this Court's June 27, 2022 order (NYSCEF doc. no. 218). Gramercy now moves for summary judgment on its first, second and third causes of action, seeking an order awarding it damages for defendants' breach of lease agreement.

DISCUSSION
The proponent of a motion for summary judgment carries the initial burden of production of evidence as well as the burden of persuasion (Alvarez v Hospital, 68 NY2d 320). A party moving for summary judgment must therefore submit sufficient, admissible evidence to demonstrate the absence of a material issue of fact. Once that initial burden has been satisfied, the "burden of production" (not the burden of persuasion) shifts to the opponent, who must now go forward and produce sufficient evidence in admissible form to establish the existence of a triable issue of fact (id.).
In support its motion for judgment on the first and second causes of action, Gramercy submits the affidavit of Jane H. Goldman, manager of Gramercy Park Partners (NYSCEF doc. no. 133), which provides a detailed accounting of defendants breach of the lease starting in November of 2020. Gramercy also submitted rental statements from November 2020 to March 2021 indicating that defendants failed to pay rent or applicable late fees as a required by the lease (NYSCEF doc. no. 139), interest rate calculations (NYSCEF doc. no. 140), and account statements indicating missed rent periods (NYSCEF doc. no. 141).
Defendants do not contest that rental payments were not made in accordance with articles two through four of the lease agreement. Defendants do not contest that they failed to pay the base and additional rents after November 1, 2020, that the Landlord served a notice to cure on the tenant defendants, and that Landlord timely served a notice of cancellation and termination on the Tenant.
To prevail on summary judgment in a breach of contract action, a plaintiff must show "the existence of a contract, the plaintiff's performance thereunder, the defendant's breach thereof, and resulting damages" (Noise in The Attic Prods., Inc. v London Records, 10 AD3d 303, 306-307 [1st Dept 2004]). Lease agreements, such as the one at issue here, constitute contracts and are subject "to the same rules of construction as are applicable to contracts generally" (Tantleff v Truscelli, 110 AD2d 240, 244 [2d Dept 1985]).
The documents proffered by Gramercy provide sufficient basis to conclude that defendants breached the lease agreement. The evidence is clear that Tenant breached articles 2(a) and 3(c) of the lease by failing and refusing to pay the base rent due from November 1, 2020 through the present. Defendants further breached the agreement by failing to pay additional rent [*3]due, including but not limited to a rent stabilization fee and real estate taxes imposed and charged by the City of New York that were due and payable as of January 1, 2021, pursuant to Articles 3(c) and 4(a) of the lease agreement.
However, the parties contest the extent to which Gramercy is entitled to recover post termination damages, in the manner of attorneys' fees, holdover fees, and liquidated damages. Gramercy demands post-termination damages in the form of base rent for the remainder of the term, holdover damages calculated at one and three-quarters time the rent due, and all damages resulting from delay in surrendering the premises. Gramercy argues that defendants agreed to indemnify it for damages "resulting from delay by Tenant in surrendering the Demised Premises," entitling Gramercy to all attorneys' fees, costs and damages stemming from Tenant's breach and holdover under Articles 3(a), 22(g)-(h), and 27(c).
Defendants contest plaintiff's entitlement to post-lease termination damages. Defendants argue that plaintiff fails to identify lease provisions it seeks to enforce while seeking liquidated damages. Defendants argue that, pursuant to CPLR 3013, a plaintiff must apprise defendants of the specific contractual provisions it seeks to enforce or face dismissal (Sebro Packaging Corp. v. S.T.S. Industries, Inc., 93 AD2d 785 [1st Dept 1983]). Defendants further argue that plaintiff's demands for damages are mutually exclusive, and plaintiff cannot seek liquidated damages, intended to substitute for actual damages, while also seeking damages in connection for the holdover. Moreover, given that plaintiff seeks damages made upon reentry and reletting of the property and damages for reentry alone, defendants argue that the court cannot enter a damages judgment without knowing which contractual provision plaintiff seeks to enforce or else it will render an impermissible advisory opinion. 
Article 22(g)-(h) of the lease specifies that upon defendants' breach of the lease, landlord is entitled to liquidated damages in the amount of the base rent for the remainder of the lease term until termination, less rent proceeds from reletting of the premises, or the fair market value of the premises if not relet. Pursuant to Article 27(c) of the Lease, Landlord is entitled to "a sum equal to one and three-quarters times the aggregate of that portion of the Base Rent and Additional Rent that was payable under this Lease during the last month of the Term " for each month post-holdover.
It is alleged that defendants breached Articles 1(a), 3(c), and 4(a) of the lease, which constitute an event of default. Article 22(i) of the agreement specifically provides that "[t]he rights and remedies given to Landlord in this Lease are distinct, separate and cumulative, and no one of them, whether or not exercised by Landlord, shall be deemed to be in exclusion of any of the others herein or by law or in equity provided." Article 27(c) provides the holdover damages available under that section are "in addition to any other rights or remedies Landlord may have hereunder or at Law." Such language clearly demonstrates the intention that such categories of damages not be considered duplicative, and thus, Gramercy is entitled to seek each measure of damages available by the terms of the lease agreement. Liquidated damages provisions in contracts are generally enforceable unless the opponent can demonstrate that they constitute a penalty (New 24 W. 40th St. LLC, 104 AD3d at 513). Here, defendants have not proffered evidence that the liquidated damages here constitute such a penalty.
Defendants next argue that the plain language of the lease does not provide a clear mandate for attorneys' fees arising out of this litigation. Defendants rely upon Article 3(a)'s omission of any attorneys' fees provision for the proposition that plaintiff is not entitled to such fees.
However, Article 22(g)-(h) of the agreement provides for attorneys' fees made in connection with the repossession of the premises. This proceeding comes squarely within the meaning of the provisions' requirement that attorneys' fees be expended in connection with repossession.
Finally, defendants rely on the omission of attorneys' fees in Article 27(c)'s holdover provision to argue against their award. The holdover provision indemnifies the landlord for any losses incurred in surrendering the premises. However, as previously mentioned, Article 27(c) provides that the holdover damages available under that section are "in addition to any other rights or remedies Landlord may have hereunder or at Law." Attorneys' fees are precisely such losses incurred in connection with tenant defendants' holdover.
Prevailing parties are not ordinarily entitled to attorneys' fees as part of the long-standing "American rule." The awarding of attorneys' fees "is contrary to the well-understood rule that parties are responsible for their own attorney's fees" (Hooper Assocs., Ltd. v AGS Computers, Inc., 74 NY2d 487, 492 [1989]). However, a court is permitted to enter an order granting attorneys' fees where authorized by statute, agreement, or court rule" (U.S. Underwriters Ins. Co. v City Club Hotel, LLC, 3 NY3d 592, 597 [2004]).
Here, the language of the lease agreement allows for the award of attorneys' fees, accumulated as a result of defendants' default.

 CONCLUSION
Accordingly, it is hereby
ORDERED that plaintiff's motion for summary judgment (motion sequence no. 005) is granted to the extent that judgment is awarded on the first, second, and third causes of action; and it is further
ORDERED that the portion of plaintiff's motion seeking termination of the lease (fourth cause of action) and ejectment (fifth cause of action) is denied as moot; and it is further
ORDERED that this case be referred to a Special Referee (Part SRP) for a hearing and determination and calculation of damages; and it is further
ORDERED that, within 15 days of the date of this order, counsel for plaintiffs shall serve upon the Special Referee Clerk by fax (212-401-9186) or e-mail (spref&commat;nycourts.gov) a copy of this order with notice of entry and a completed Information Sheet; and it is further 
ORDERED that, within 15 days of the date of this order, counsel for plaintiffs shall serve upon the Special Referee Clerk a copy of this order with notice of entry and a completed Information Sheet and such service upon the Special Referee Clerk shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website)].
DATE 07/17/2023
ROBERT R. REED, J.S.C.