FPG Maiden Lane, LLC v Bank Leumi USA (2025 NY Slip Op 02005)

FPG Maiden Lane, LLC v Bank Leumi USA

2025 NY Slip Op 02005

Decided on April 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 03, 2025

Before: Webber, J.P., Kennedy, Mendez, Higgitt, O'Neill Levy, JJ. 

Index No. 653584/20|Appeal No. 4025|Case No. 2024-00099|

[*1]FPG Maiden Lane, LLC et al., Plaintiffs-Respondents,
v
Bank Leumi USA et al., Defendants-Appellants.

Thompson Coburn LLP, New York (Steven J. Mandelsberg of counsel), for appellants.
Quinn Emanuel Urquhart & Sullivan, LLP, New York (William B. Adams of counsel), for respondents.

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered November 16, 2023, which denied defendants' motion for summary judgment, unanimously affirmed, without costs.
In 2015, plaintiff FPG Maiden Lane, LLC (FPG) entered into a credit agreement with defendants Bank Leumi (Leumi) and Harel Maiden Lane-General Partnership (Harel-Maiden) for roughly $120 million in construction loans. On May 26, 2016, FPG entered into a Building Loan Agreement and a project Loan Agreement (the loan agreements). The agreements anticipated that the completion of the construction project would be on April 3, 2018. FPG did not meet this deadline, and defendants agreed to extend the project deadlines on three separate occasions in September 2018, June 2019, and on March 13, 2020. Under the March 13, 2020, extension, the construction was required to be completed by November 30, 2020.
On March 31, 2020, FPG sent Leumi a letter in which FPG stated that the Covid-19 Pandemic triggered unprecedented damage within the real estate industry. These circumstances made it "likely . . . impossible to complete construction . . . on schedule and on budget." FPG stated that "so long as the Pandemic continues, we may be unable to engage in sales activities and therefore may be unable to repay the Loan within the planned timeframe." The letter further asked Leumi to "suspend interest payments on the Loan . . . [and] extend all deadlines." However, seven days after sending this letter FPG sent a request for additional funding. Leumi responded with an offer to renegotiate deadlines. FPG then executed a pre-negotiation agreement as part of a possible workout or restructuring of its obligations and made additional requests for funding which Leumi denied, except to the extent of providing funding from FPG's equity contribution.
FPG commenced this action on August 4, 2020. Following an amended complaint and several court orders only three causes of action remain. Leumi moved for summary judgment which Supreme Court denied.
This Court declines to consider defendants' arguments on appeal that plaintiffs' March 31, 2020 letter- which notified defendants that plaintiff may be unable to engage in sales activities and therefore unable to repay the Loan within the planned timeframe so long as the Covid-19 pandemic continued- anticipatorily breached the parties' loan agreements, and that Section 1.3(d)(iii) of the 2016 Building Loan Agreement allowed defendant Bank Leumi USA to decline loan advances to plaintiff FPG Maiden Lane, LLC. As Leumi concedes, neither argument was made before Supreme Court, and therefore is unpreserved for our review (see Chadha v Wahedna, 206 AD3d 523, 524-525 [1st Dept 2022]; U.S. Bank N.A. v DLJ Mtge. Capital, Inc., 146 AD3d 603, 603-604 [1st Dept 2017]). Moreover, defendants' arguments are not purely legal and relate to facts not on the face of the record. Thus, plaintiffs have been deprived of their ability to offer proof to refute defendants' new [*2]arguments (see U.S. Bank N.A., 146 AD3d at 603-604; Fresh Pond Rd. Assoc. v Estate of Schacht, 120 AD2d 561, 561 [2d Dept 1986], lv denied 68 NY2d 802 [1986]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 3, 2025