■ U.S. Bank National Association, Appellant, v DLJ Mortgage Capital, Inc., Respondent. U.S. Bank National Association, Appellant-Respondent, v DLJ Mortgage Capital, Inc., Respondent-Appellant, et al., Defendant. [35 NYS3d 82]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered March 25, 2015, which dismissed the complaint without prejudice on the ground that plaintiff did not fulfil a contractual condition precedent to suit, but found the complaint to be timely, unanimously affirmed, with costs. Order, Supreme Court, New York County (Eileen Bransten, J.), entered January 3, 2014, which held that the complaint was untimely and dismissed it with prejudice, unanimously affirmed, with costs.

I. ABSHE 2006-HE7 Trust Action

In the first appeal, involving the ABSHE 2006-HE7 Trust,

trustee U.S. Bank National Association sues under a mortgage loan purchase and interim servicing agreement (MLPA), a reconstitution agreement, and a pooling and servicing agreement (PSA) for breach of representations and warranties made in connection with the securitization of a pool of residential mortgage-backed securities, in which the ABSHE 2006-HE7 Trust invested more than $1 billion.

Although the trustee commenced this action within the applicable statute of limitations, it did not meet the condition precedent to enforcement of defendant DLJ Mortgage Capital, Inc.'s secondary "backstop" repurchase obligation, which required that the trustee first provide notice of the alleged breaches to defendant Ameriquest Mortgage Company, and allow a 90-day cure period to expire. Under these circumstances, the trustee's timely claims were properly dismissed without prejudice to refiling pursuant to CPLR 205 (a) (*ACE Sec. Corp. v DB Structured Prods., Inc.*, 112 AD3d 522, 523 [1st Dept 2013], *affd* 25 NY3d 581 [2015]; *Southern Wine & Spirits of Am., Inc. v Impact Envtl. Eng'g, PLLC*, 104 AD3d 613 [1st Dept 2013]).

II. HEAT Trusts Action

The second appeal concerns three separate trusts for which U.S. Bank also acts as trustee: Home Equity Asset Trust 2006-5, Home Equity Asset Trust 2006-6, and Home Equity Asset Trust 2006-7 (collectively, the HEAT Trusts). The HEAT Trusts contain 14,790 residential mortgage loans with an aggregate principal balance of about $2.8 billion. Under similar circumstances as those involved in the ABSHE 2006-HE7 Trust action, the trustee sues based on alleged breaches of representations and warranties made in connection with the mortgages securing their investment.

This action was originally commenced within the statute of limitations period by Federal Housing Finance Agency (FHFA), in its role as conservator for Freddie Mac, a certificateholder in each of the HEAT Trusts. However, pursuant to the "no action" provision in the PSAs, which limits the circumstances under which a certificateholder may commence suit under those agreements, FHFA lacked standing to sue. FHFA later substituted the trustee as plaintiff.

Because FHFA commenced this action within the limitations period, the original claims were timely. Moreover, the fact that FHFA sued before meeting the condition precedent to suit by serving repurchase notices on DLJ, does not, in and of itself, render the claims time-barred. Rather, they would be subject to refiling by a proper plaintiff pursuant to CPLR 205 (a), if

they were not time-barred on standing grounds (*ACE Sec. Corp. v DB Structured Prods., Inc.*, 112 AD3d at 523; *Southern Wine & Spirits of Am., Inc. v Impact Envtl. Eng'g, PLLC*, 104 AD3d at 613).

Generally, actions dismissed on standing grounds may be refiled pursuant to CPLR 205 (a) (*see Rivera v Markowitz*, 71 AD3d 449, 450 [1st Dept 2010]). However, here, the trustee is not entitled to refile the claims under CPLR 205 (a), because it is not a "plaintiff" under that statute (*Reliance Ins. Co. v PolyVision Corp.*, 9 NY3d 52, 56-58 [2007]; *ACE Sec. Corp.* at 523). Moreover, the trustee may not rely on relation-back (CPLR 203 [f]) to save its refiled claims, because there was no "valid preexisting action" to relate back to (*Southern Wine & Spirits*, 104 AD3d at 613; *see ACE Sec. Corp.* at 523). Because the trustee cannot benefit from either CPLR 203 (f) or 205 (a), the refiled claims are time-barred on standing grounds.

The Court has considered the parties' remaining arguments and finds them unavailing. Concur—Mazzarelli, J.P., Friedman, Andrias, Webber and Gesmer, JJ.