# State of New York
# Court of Appeals

OPINION

This opinion is uncorrected and subject to revision before publication in the New York Reports.

No. 7
U.S. Bank National Association,
&c.,
    Respondent,
    v.
DLJ Mortgage Capital, Inc.,
    Appellant.

Barry S. Levin, for appellant.
Philippe Selendy, for respondent.
Securities Industry and Financial Markets Association, <u>amicus</u> <u>curiae</u>.

RIVERA, J.:

U.S. Bank National Association in its capacity as Trustee of the ABSHE 2006 residential mortgage-backed securities (RMBS) trust seeks to sue DLJ Mortgage Capital, Inc. (DLJ), the sponsor and seller of the trust securitization, for alleged violations of

- 1 -

representations and warranties regarding the quality of the loans contained in the trust. The initial action against DLJ was dismissed for failure to comply with a contractual condition precedent, without prejudice to refiling. DLJ asserts this was error as the court should have dismissed with prejudice.

As a general rule, under CPLR 205 (a) a subsequent action may be filed within six months of a non-merits dismissal of the initial timely-filed matter. Here, we conclude that CPLR 205 (a) applies to an RMBS trustee's second action when its timely first action is dismissed for failure to comply with a contractual condition precedent.

I

Factual and Procedural Background

DLJ purchased a group of residential mortgage loans from codefendant Ameriquest Mortgage Company, the loan originator, pursuant to a Mortgage Loan Purchase and Interim Servicing Agreement (MLPA). In the MLPA, Ameriquest made various representations and warranties regarding the general underwriting practices and quality of the individual loans. Defendants later entered a Reconstitution Agreement (RA) stating that all the provisions of the MLPA remain "in full force and effect." Under the RA, Ameriquest reiterated its representations and warranties regarding loan quality in substantially identical language "to and for the benefit of" the Trustee. DLJ sold the loans to nonparty Asset Backed Securities Corporation (ABSC). ABSC, DLJ, and U.S. Bank, among others, entered pooling and servicing agreement (PSA), establishing the underlying trust and ABSC conveyed its rights under the MLPA and RA to the Trustee.

As is typical of these agreements, the MLPA, RA, and PSA contain a now familiar sole remedy provision, which requires any party that discovers a breach to promptly notify the other relevant party, and upon notice, allows Ameriquest time to remedy the defect (see e.g. ACE Secs. Corp. v DB Structured Prods., Inc., 25 NY3d 581, 598-599 [2015]). Under that provision, no action for breach of the representations and warranties may be brought until Ameriquest has had ninety days to cure or repurchase the allegedly non-compliant loans. The PSA also contains what the parties call a "backstop provision," which requires DLJ to "cure [an] applicable breach or repurchase a related Mortgage Loan" in the event that Ameriquest is "unable" to comply with its cure-or-repurchase obligation.

After the effective date of the PSA and RA, the Trustee notified only DLJ, not Ameriquest, that Ameriquest had breached the representations and warranties of several loans and demanded that DLJ cure or repurchase those loans. When DLJ failed to remedy the breach, the Trustee filed an action within six years of the execution of the PSA and RA.

DLJ moved to dismiss the complaint, in part, as untimely. Supreme Court found the action to be timely-commenced, but dismissed the complaint without prejudice to refiling pursuant to CPLR 205 (a) based on the Trustee's failure to comply with the sole remedy provision by notifying Ameriquest prior to commencing suit.. The Appellate Division affirmed (U.S. Bank Nat. Ass'n v DLJ Mortg. Capital, Inc., 141 AD3d 431, 432 [1st Dept 2016]). We granted DLJ leave to appeal and dismissed the Trustee's motion for leave as untimely (29 NY3d 1027 [2017]).

II

Applicability of CPLR 205 (a)

DLJ argues that our prior holding in ACE controls here and stands for the proposition that an action based on alleged violations of RMBS representations and warranties is untimely if the Trustee does not provide notice and an opportunity to cure as required by the PSA, within the CPLR six-year statute of limitations. For its part, the Trustee maintains that the notice to seller and opportunity to cure or repurchase the defective loan requirement is a procedural condition precedent that does not impact the running of the six-year statute of limitations, and therefore the first filed action was properly dismissed without prejudice to the Trustee refiling pursuant to CPLR 205 (a). We agree with the Trustee.

CPLR 205 (a) provides, in relevant part,

"If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if the plaintiff dies, and the cause of action survives, [the plaintiff's] executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period."

This provision implements the Legislature's "policy preference for the determination of actions on the merits" (Goldstein v New York State Urban Dev. Corp., 13 NY3d 511, 521 [2009]). The statute is remedial in nature and, where applicable, "allow[s] plaintiffs to avoid the harsh consequences of the statute of limitations and have their claims determined

on the merits where . . . a prior action was commenced within the limitations period, thus putting defendants on notice of the claims" (Malay v City of Syracuse, 25 NY3d 323, 329 [2015]). The Court has also warned that the provision's "broad and liberal purpose is not to be frittered away by any narrow construction" (Matter of Morris Invs. v Commr. of Fin. of City of New York, 69 NY2d 933, 935 [1987], quoting Gaines v City of New York, 215 NY 533, 539 [1915]). "The effect of the statute is quite simple:  if a timely brought action has been terminated for any reason other than one of the . . . reasons specified in the statute, the plaintiff may commence another action based on the same transactions or occurrences within six months of the dismissal of the first action, even if the second action would otherwise be subject to a Statute of Limitations defense, so long as the second action would have been timely had it been commenced when the first action was brought" (George v Mt. Sinai Hosp., 47 NY2d 170, 175 [1979]). "The statute by its very terms comes into operation in instances where a proceeding has been terminated for some fatal flaw unrelated to the merits of the underlying claim . . . and it is to be liberally construed" (Morris, 69 NY2d at 936).

In ACE, we held that the statute of limitations for alleged violations of the representations and warranties in an RMBS agreement commences on the effective date of those promises. Two certificate holders had notified the trustee of alleged breaches of the representations and warranties in several mortgage loans (25 NY3d at 591). When the trustee failed to sue, the certificate holders filed their own lawsuit against the sponsor six years from the date of the contract execution (id. at 591-592). Months later, after the

expiration of the statute of limitations, the trustee sought to be substituted as plaintiff and filed a complaint on behalf of the trust (id. at 592). The sponsor moved to dismiss the complaint as untimely because it was filed more than six years after the contract was executed (id.). We rejected the trustee's argument that the action accrued only once the notice and cure provisions were satisfied (id. at 597). We clarified that the provisions were a procedural prerequisite to suit and not a substantive condition precedent to the seller's performance, as the trustee argued (id. at 597-598).

DLJ maintains that ACE requires the Trustee here to have complied with the notice and sole remedy provision—including affording DLJ 90 days in which to cure—before filing a complaint within the six-year statute of limitations. Contrary to DLJ's interpretation of ACE, we held only that the notice and sole remedy provisions did not delay accrual for statute of limitations purposes (id. at 598 [defendant's "failure to cure or repurchase was not a substantive condition precedent that deferred accrual of the Trust's claim; instead, it was a procedural prerequisite to suit"]). We did not expressly hold, and it is not implicit in our analysis, that failure to comply with those provisions before the expiration of the statute of limitations rendered the trustee's action untimely. In point of fact, ACE turned on when claims for breach of representations and warranties accrue, not whether failure to comply with a remedial provision within the limitation period bars those claims (see id. at 597-599). What made the trustee's claims untimely in ACE was that the claims accrued when the underlying agreement was executed, and the trustee did not commence its action within six years of that date.

Indeed, the sponsor argued in ACE, similar to DLJ here, that the certificate holders'

summons and notice was a nullity because they did not comply with the notice and cure or

repurchase deadlines before bringing their lawsuit. We did not address CPLR 205 (a) in

ACE, and we left open the precise question disputed by the Trustee and DLJ: whether the

notice and cure or repurchase condition precedent in an RMBS agreement must be satisfied

within six years of when the contract is executed in order for a trustee to maintain a timely

action for alleged breaches of mortgage loan representations and warranties.

The difference between a procedural and substantive condition precedent is well-

established. A condition precedent is substantive when it "describe[s] acts or events which

must occur before a party is obliged to perform a promise made pursuant to an existing

contract" (IDT Corp. v Tyco Grp., 13 NY3d 209, 214 [2009]). In other words, the condition

is "part of the cause of action and necessary to be alleged and proven, and without this no

cause of action exist[s]" (ACE, 25 NY3d at 597, quoting Dickinson v Mayor of City of

N.Y., 92 NY 584, 591 [1883]). As the Court explained in ACE, and reaffirmed in Deutsche

Bank National Trust Co. v Flagstar Capital Markets (32 NY3d 139 [2018]), RMBS notice

and sole remedy provisions are not substantive elements of the cause of action, but instead

limitations on the remedy for a breach of the mortgage loan representations and warranties

(id. at 149; ACE, 25 NY3d at 598). They serve as a precondition, "a procedural prerequisite

to suit," not a separate undertaking by the trustee (ACE, 25 NY3d at 598). Since notice and

sole remedy provisions "do[] not create a substantive condition precedent" (id.), they do

not affect when the statute of limitations commences because the limitations clock begins to run when the contract is executed.

Nevertheless, DLJ argues that the Trustee had to fulfill the procedural condition precedent before the limitations period expired, and its failure to do so rendered the original action untimely, such that a new action cannot be commenced pursuant to CPLR 205 (a). DLJ's argument cannot be reconciled with our case law that a suit may be refiled pursuant to CPLR 205 (a) despite a plaintiff's failure to comply with a condition precedent prior to the expiration of the statute of limitations.

For example, in Carrick v Central General Hospital (51 NY2d 242 [1980]), the Court held that failure to comply with a procedural condition precedent may be a fatal flaw to maintaining the prior action and grounds for dismissal but is not a judgment on the merits for purposes of CPLR 205 (a). There, the plaintiff commenced a malpractice and wrongful death action on behalf of her deceased spouse. The plaintiff identified herself as the "proposed administrat[or]" because she had not yet been appointed (id. at 246). Supreme Court dismissed the action, and the plaintiff, who had since been appointed administrator, commenced a new action within six months of the dismissal, but outside the applicable limitations period. This Court held that CPLR 205 (a) applied even though the prior plaintiff "lack[ed] capacity to sue" (id. at 251). The Court explained that "[l]ike any condition precedent, the requirement of a qualified administrator in a wrongful death action, while essential to the maintenance of the suit, is in no way related to the merits of the underlying claim" (id. at 252).

We similarly found CPLR 205 (a) applicable in <u>Matter of Morris Investors, Inc. v Commissioner of Finance of the City of New York</u>, where the petitioners filed a timely petition challenging a tax assessment, but failed to deposit the disputed tax deficiency or post an undertaking before commencing the action as required by statute (69 NY2d at 934). The original petition was timely-filed within the meaning of CPLR 205 (a) because although "the first proceeding may have been defective for failure to deposit the tax or post a bond," noncompliance with such a requirement "does not put it beyond the saving provision of CPLR 205(a)" (<u>id.</u> at 936). As the Court explained, the savings clause "by its very terms comes into operation in instances where a proceeding has been terminated for some fatal flaw unrelated to the merits of the underlying claim" (<u>id.</u>).

The analysis of these cases applies with equal force here, and DLJ's contrary view in reliance on <u>Yonkers Contracting Co. v Port Authority Trans-Hudson Corp.</u> (93 NY2d 375 [1999]) is unavailing. In that case, a contractor sued a subsidiary of the Port Authority of New York and New Jersey for breach of contract. Pursuant to Unconsolidated Laws § 7107, any action against the Port Authority must be commenced within one year of accrual of a claim. The action was initially dismissed because the contractor failed to comply with an alternate dispute resolution provision in the underlying contract. The contractor then complied with the ADR provision and refiled the suit within six months of dismissal, but more than a year after accrual of the claim. This Court concluded that noncompliance with section 7107 required dismissal of the contractor's claims because CPLR 205 (a) "may extend a Statute of Limitations, [but] could not obviate the requirements of a statutory

condition precedent to suit" (id. at 378). The Court explained that "[c]ase law distinguishes between a Statute of Limitations and a statutory time restriction on commencement of suit. The former merely suspends the remedy provided by a right of action, but the latter *conditions* the existence of a right of action, thereby creating a substantive limitation on the right" (id. [collecting cases]; see also Morris Investors, 69 NY2d at 936 [distinguishing "provisions . . . which specify no particular time limitation for" compliance with a condition precedent from "situations where a right to seek relief is specifically conditioned upon compliance with a particular time requirement rather than, or in addition to, a Statute of Limitations"]). Here, the notice and cure or repurchase condition precedent contained no such "time restriction" and, thus, noncompliance within the statute of limitations did not render the action untimely. Yonkers Contracting does not stand for the proposition, advanced by DLJ, that noncompliance with a contractual remedial provision within the limitations period renders CPLR 205 (a) inapplicable. Rather, Yonkers Contracting holds that a plaintiff may not proceed under CPLR 205 (a) where the plaintiff fails to comply with the conditions contained in the statute that created the right sued upon. There is no rational reason to distinguish between statutory and contractual conditions precedent as DLJ argues. Our focus is on the nature of the condition, not the source.

Similarly unpersuasive is DLJ's argument that CPLR 205 (a) is inapplicable on the alternative ground that the Trustee's action accrued when the MLPA was executed on October 23, 2006 and was therefore untimely when filed on November 29, 2012. In the RA, Ameriquest restated and incorporated the representations and warranties for the

Trust's benefit. The RA could not have been clearer: Ameriquest made representations and warranties to the Trustee for the Trust's benefit effective on November 30, 2006. In addition, DLJ did not agree to act as a "backstop" to Ameriquest's obligations until the PSA was executed on the same date. Thus, the Trustee's claims based on a breach of that agreement accrued no earlier than that date and were timely filed here.

III

The Trustee's failure to comply with the notice and cure or repurchase condition precedent within the applicable statute of limitations does not foreclose refiling of its action for alleged breach of RMBS representations and warranties pursuant to CPLR 205 (a). Therefore, its claims were properly dismissed without prejudice.

Accordingly, the order of the Appellate Division, insofar as appealed from, should be affirmed, with costs.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Order, insofar as appealed from, affirmed, with costs.  Opinion by Judge J. Rivera. Chief Judge DiFiore and Judges Stein, Fahey, Garry, R. E. Rivera and Sweeny, Jr. concur. Judges Garcia, Wilson and Feinman took no part.

Decided February 19, 2019