# State of New York
# Court of Appeals

OPINION

This opinion is uncorrected and subject to revision before publication in the New York Reports.

No. 6
U.S. Bank National Association,
&c.,
   Appellant,
  v.
DLJ Mortgage Capital, Inc.,
  Respondent.

Hector Torres, for appellant.
Robert Loeb, for respondent.
Securities Industry and Financial Markets Association, <u>amicus</u> <u>curiae</u>.

RIVERA, J.:

U.S. Bank National Association in its capacity as trustee of three residential

mortgage-backed securities (RMBS) trusts seeks to sue DLJ Mortgage Capital, Inc. (DLJ)

for alleged violations of representations and warranties regarding the quality of the loans

contained in the respective securitization trust instruments. We hold that the Trustee's untimely-filed complaint cannot relate back under CPLR 203 (f) to a certificate holder's previously filed action. The Trustee's remaining claim is unpreserved.

I

DLJ served as seller and sponsor of three RMBS securitization trusts (the HEAT Trusts), each governed by a separate pooling and servicing agreement (PSA), containing various representations and warranties about the general underwriting practices and quality of the individual loans. The PSAs include mandatory remedial provisions, which require any party that discovers a breach to promptly notify the other relevant party, and upon notice, allows DLJ time to remedy the defect. Each PSA also includes a no action clause, which prevents certificate holders from pursuing an action under the PSAs, except in limited circumstances.

Within six years of the execution of the respective PSAs, a certificate holder filed a separate summons and notice claiming violations of the representations and warranties for each of the HEAT Trusts. After the limitations period elapsed, the Trustee notified DLJ of the alleged breaches and demanded DLJ cure or repurchase the non-compliant loans, in accordance with the sole remedy provisions. The Trustee later filed a consolidated complaint alleging claims for all three trusts.

DLJ moved to dismiss the consolidated complaint pursuant to CPLR 3211 (a), asserting, as relevant here, that the complaint was time-barred because the Trustee failed to comply with the sole remedy provision within the six-year limitations period, and the

Trustee could not rely on the prior action because the certificate holder lacked standing to sue under the PSAs. In opposition, the Trustee argued that its action was timely, or, in the alternative, that it related back to the certificate holder's timely-commenced action pursuant to CPLR 203 (f).

Supreme Court granted the motion and dismissed the action with prejudice. The Appellate Division affirmed, holding that dismissal with prejudice was appropriate because the Trustee was not a "plaintiff" permitted to refile for purposes of CPLR 205 (a) and therefore could not file a new action within that provision's six-month savings clause, nor could the Trustee rely on CPLR 203 (f) so that its pleading would relate back to the certificate holder's filing (U.S. Bank Nat. Ass'n v DLJ Mortg. Capital, Inc., 141 AD3d 431, 433 [1st Dept 2016]). We granted the Trustee leave to appeal (29 NY3d 910 [2017]).

II

As a threshold matter, the Trustee has not preserved its claim that it may refile under CPLR 205 (a) due to the timely commencement of the original action by the certificate holder. To preserve an argument for review by this Court, a party must "raise the specific argument" in Supreme Court "and ask the court to conduct that analysis" in the first instance (Matter of New York City Asbestos Litig., 27 NY3d 1172, 1176 [2016]). While in some circumstances the Appellate Division has interest of justice jurisdiction to review an issue raised for the first time on appeal, this Court "ha[s] no power to review either the Appellate Division's exercise of its discretion to reach that issue, or the issue itself" (Hecker v State, 20 NY3d 1087, 1087 [2013]).

In a footnote in DLJ's motion to dismiss the complaint as untimely, DLJ argued that "[b]ecause the actions were not timely commenced . . . , Plaintiffs cannot use CPLR 205(a) to cure the pleading deficiency by refashioning the case with the Trustee as the Plaintiff." In its opposition to the motion, the Trustee argued that the action was timely and requested in its final conclusion paragraph (in the alternative, without explanation and in summary fashion) that it be granted leave to file an amended complaint in accordance with CPLR 3025 (b). The Trustee made no mention of CPLR 205 (a), and did not argue before Supreme Court that it should be considered the same "plaintiff" as the certificate holder for purposes of CPLR 205 (a). As such, the Trustee failed to respond to DLJ's argument that if the court agreed that the claim was not timely filed the Trustee could not refile and invoke the savings clause of CPLR 205(a). However, because this argument by its terms sought to persuade Supreme Court to dismiss the complaint with prejudice, the Trustee was required to respond and present its view of CPLR 205 (a) to the nisi prius court to preserve the argument on appeal to us. Having failed to do so, we cannot consider whether CPLR 205 (a) applies to the facts of this case. We therefore express no opinion on the Appellate Division's conclusion that "the trustee is not entitled to refile the claims under CPLR 205 (a), because it is not a 'plaintiff' under that statute" (141 AD3d at 433).

On the merits, the Trustee argues that if CPLR 205 (a) does not apply its complaint survives dismissal nonetheless because under CPLR 203 (f) its complaint relates back to the certificate holder's prior action. We disagree.

CPLR 203 (f) provides:

"A claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading."

As our case law establishes, CPLR 203 (f) applies only in those cases where a valid pre-existing action has been filed. In Goldberg v Camp Mikan-Recro (42 NY2d 1029 [1977]), the plaintiff commenced a timely wrongful death action in his own name following his son's death. At the time he filed the action, the father had not been appointed administrator of the son's estate. By the time the plaintiff was appointed administrator, the limitations period had expired and so the plaintiff sought to amend his complaint to relate back to the original action. The Court declined to apply CPLR 203 (f) because the plaintiff lacked capacity to commence the original action so "there was no pre-existing action to which it could 'relate back'" (id. at 1030; see also Carrick v Central Gen. Hosp., 51 NY2d 242, 248-249 [1980] [although CPLR 205 (a) "specifically contemplates a prior defective action subject to dismissal upon timely motion," the application of CPLR 203 (f) is "dependent on the existence of a valid pre-existing action"]; George v Mt. Sinai Hosp., 47 NY2d 170, 179-180 [1979] ["While the relation-back provisions of CPLR 203 are dependent on the existence of a valid pre-existing action, CPLR 205 (subd [a]) was created to serve in those cases in which the prior action was defective and so had to be dismissed"]).[*]

---

[*] We reject the Trustee's argument that the viability of Goldberg is questionable in light of this Court's decision in Carrick. Contrary to the Trustee's suggestion, Carrick did not overrule Goldberg, but rather reaffirmed Goldberg by distinguishing it from George (see Carrick, 51 NY2d at 248-249).

CPLR 203 (f) has no application here because the certificate holder's pre-existing action was not valid. The lower courts concluded that under the no action clause, the certificate holder could not bring the action on behalf of itself, any other certificate holder, or the Trustee. Those conclusions are not at issue in this Court. Thus, the certificate holder's action was subject to dismissal, and there is no valid pre-existing action to which a claim in a subsequent amended pleading may relate back. The Trustee's contention that it may use the relation-back doctrine of CPLR 203 (f) to cure the certificate holder's lack of a right to sue, and that it may therefore avoid any problem with the identity of the plaintiff upon re-filing pursuant to CPLR 205 (a), is without merit.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

Order affirmed, with costs.  Opinion by Judge J. Rivera.  Chief Judge DiFiore and Judges Stein, Fahey, Garry, R. E. Rivera and Sweeny, Jr. concur.  Judges Garcia, Wilson and Feinman took no part.

Decided February 19, 2019