| |
|---|
| **U.S. Bank N.A. v DLJ Mtge. Capital, Inc.** |
| 2023 NY Slip Op 34560(U) |
| December 30, 2023 |
| Supreme Court, New York County |
| Docket Number: Index No. 653140/2015 |
| Judge: Joel M. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 03M

------------------------------------------------------------------------------X

U.S. BANK NATIONAL ASSOCIATION,

| | |
|---|---|
| **INDEX NO.** | 653140/2015 |

Plaintiff,

| | |
|---|---|
| **MOTION DATE** | 01/13/2019, 01/13/2020 |

- v -

DLJ MORTGAGE CAPITAL, INC, AMERIQUEST
MORTGAGE COMPANY,

| | |
|---|---|
| **MOTION SEQ. NO.** | 005 006 |

Defendants.

**DECISION + ORDER ON
MOTION**

------------------------------------------------------------------------------X

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 005) 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 234, 237, 238, 265, 283

were read on this motion to                          DISMISS                    .

The following e-filed documents, listed by NYSCEF document number (Motion 006) 226, 227, 228, 229, 230, 231, 232, 235, 239, 266, 267, 268, 269, 270, 271, 272, 281, 282

were read on this motion to                          DISMISS                    .

## INTRODUCTION

This is a residential mortgage-backed securities ("RMBS") case. As with many such cases, this one has a tangled procedural history and turns on a close reading of complex agreements that have been addressed in binding appellate decisions that guide the Court's analysis.

The claims asserted by Plaintiff U.S. Bank National Association, solely in its capacity as trustee ("Trustee" or "Plaintiff") of the Asset Backed Securities Corporation Home Equity Loan Trust, Series AMQ 2006-HE7 (the "Trust"), in its Amended Complaint fall into two broad categories. The first set of claims (First, Second, and Third Causes of Action) assert that Defendants Ameriquest Mortgage Company ("Ameriquest") and DLJ Mortgage Capital, Inc.

**653140/2015 U.S. BANK NATIONAL ASSOCIATION vs. DLJ MORTGAGE CAPITAL, INC**
**Motion No. 005 006**

**Page 1 of 17**

("DLJ") are liable for breach of contract because the Trustee gave them timely notice of breaches of representations and warranties with respect to thousands of loans in the Trust (or, alternatively, that notice was not required for various reasons) and Defendants failed to repurchase the loans as required by the relevant agreements. These will be referred to herein as notice-based claims.

The second category (Fourth Cause of Action) asserts that DLJ is liable for breach of contract because it "discovered" the breaches of representations and warranties with respect to the same collection of defective loans and failed to notify the Trustee. These will be referred to as discovery-based claims.

For the reasons described below, the Trustee's *notice-based claims* against Ameriquest and DLJ (as Ameriquest's "backstop") are **dismissed**. Based on the undisputed documentary evidence, the Trustee did not comply with the notice provisions set forth in the relevant agreements because it failed to serve notice on Ameriquest within ninety days of the Trustee's discovery of breaches (as expressly required by the parties' agreement). The Trustee's contentions that notice was not required either because it would have been futile to notify Ameriquest or because Defendants were grossly negligent are unavailing as a matter of law.

Because DLJ's contractual repurchase obligation under these notice-based claims is solely as a backstop to Ameriquest's repurchase obligation, those claims against DLJ must also be dismissed on this ground. Contrary to the Trustee's contentions, the notice provision is not ambiguous; the Trustee is not excused from compliance with the notice provision; and Defendants' arguments are not barred by the single motion rule or principles of waiver.

**653140/2015   U.S. BANK NATIONAL ASSOCIATION vs. DLJ MORTGAGE CAPITAL, INC**                **Page 2 of 17**
**Motion No.  005 006**

2 of 17

[* 2]

On the other hand, DLJ's motion to dismiss the Trustee's *discovery-based* claims is denied. The Trustee's factual allegations, which must be accepted as true for purposes of this motion, are sufficient to state a viable cause of action.

Finally, to address a procedural quirk described below, the Court must determine whether the Trustee may maintain two nearly identical actions (Index Numbers 653140/2015 ["2015 Action"] and 654701/2019 ["2019 Action"]) that assert essentially the same claims. The 2019 Action was filed as a precaution in case the 2015 Action was not deemed properly filed under the savings provision of CPLR 205(a). Given the Court's rulings below sustaining the applicable claims in the 2015 Action, the 2019 Action is **dismissed** as duplicative pursuant to CPLR 3211(a)(4).

## BACKGROUND

This dispute concerns three interrelated agreements governing the subject RMBS transaction.[1] They are (1) the Mortgage Loan Purchase and Interim Servicing Agreement ("MLPA" [NYSCEF 193]); (2) the Reconstitution Agreement ("RA" [NYSCEF 194]); and (3) the Pooling and Servicing Agreement ("PSA" [NYSCEF 196]) (collectively the "Agreements").[2] Under the Agreements, Ameriquest sold 4,534 loans (the "Loans") to DLJ which were, in turn,

---

[1] "[A]n RMBS transaction involves the bundling of mortgage loans into a pool that is sold to an affiliated purchaser, which then places the loans into a trust for securitization purposes. The trust then issues certificates that are purchased by investors, or certificateholders. The individual mortgage loans served as collateral for the certificates, which paid principal and interest to certificateholders from the cash flow generated by the mortgage loan pool; that is, certificateholders made money when the borrowers made payments on their loans. High default rates by borrowers led to the collapse of the subprime housing market, a primary factor in the ensuing precipitous market decline and recession" (*Deutsche Bank Natl. Tr. Co. v Barclays Bank PLC*, 34 NY3d 327, 331-32 [2019][citations and quotations omitted][collecting cases]).

[2] References to NYSCEF docket references are from the 2015 Action unless otherwise noted.

**653140/2015   U.S. BANK NATIONAL ASSOCIATION vs. DLJ MORTGAGE CAPITAL, INC**
**Motion No.  005 006**

**Page 3 of 17**

3 of 17

securitized and subsequently transferred to the Trust (Cplt. ¶¶1, 16).[3] The Trustee alleges, based on forensic reviews, that at least 2,039 of the Loans breached Ameriquest's representations and warranties concerning the Loans (Cplt. ¶3).

Under the Agreements, subject to certain conditions and limitations, Ameriquest agreed to cure or repurchase Loans that breached contractual provisions, and DLJ backstopped Ameriquest's promise by agreeing to repurchase such breaching Loans upon a failure by Ameriquest to do so (Cplt. ¶¶2, 24-27). The Trustee alleges that Ameriquest and DLJ breached the Agreements by failing to replace or repurchase Loans as to which the Trustee provided notice of a breach (Cplt. ¶¶6-7 and Exs. A-C [NYSCEF 179-181]). Additionally, the Trustee asserts that any pre-suit "notice or demand to Ameriquest to repurchase the loans would have been futile" and is otherwise excused based on Defendants' "gross negligence" (Cplt. ¶8).

Separately, the Trustee alleges that DLJ independently "discovered" breaches of representations and warranties with respect to breaching Loans "on September 2, 2011" when it was sued by the Federal Housing Finance Agency ("FHFA") for, among other things, misrepresentations about the Loans (Cplt. ¶55). The Complaint further asserts that FHFA amended its complaint against DLJ on June 28, 2012, and that DLJ "knew, or should have known" about breaches of representations and warranties as of that date (Cplt. ¶¶57-58).

---

[3] References to the Complaint are to both the Amended Complaint in the 2015 Action (NYSCEF 178) and the Complaint in the 2019 Action (2019 Action NYSCEF 1) unless otherwise noted.

653140/2015   U.S. BANK NATIONAL ASSOCIATION vs. DLJ MORTGAGE CAPITAL, INC          Page 4 of 17
Motion No.  005 006

4 of 17

## A. The Agreements

The MLPA was entered by DLJ and Ameriquest as of October 23, 2006. In the agreement, Ameriquest made various representations and warranties about the characteristics of the Loans (MLPA §7.03).

Section 7.04 of the MLPA (at ¶2) includes a sole remedy repurchase protocol, which provides, in relevant part:

> Within 90 days of the earlier of either discovery by or notice to [Ameriquest] of any breach of a representation or warranty which materially and adversely affects the value of a Mortgage Loan or the Mortgage Loans, [Ameriquest] shall use its best efforts promptly to cure such breach in all material respects and, if such breach cannot be cured, [Ameriquest] shall, at [DLJ's] option, repurchase such Mortgage Loan at the Repurchase Price.

Significantly, in what Ameriquest describes as a "unique provision" (NYSCEF 190 at 3), Section 7.04 limits Ameriquest's repurchase obligation with the following proviso: "**provided, however, [Ameriquest] shall have no obligation to make any payments to [DLJ] under this Section 7.04 if [DLJ] has not notified [Ameriquest] in writing within ninety (90) days of the discovery of the related default**" (MLPA §7.04 at ¶4) [emphasis added].

On November 30, 2006, the Reconstitution Agreement was entered by the Trustee, Ameriquest, DLJ, and non-parties. The Reconstitution Agreement restated Ameriquest's representations and warranties and transferred DLJ's rights as Purchaser, including the right to exercise the MLPA's sole remedy protocol (including the 90-day notice proviso thereto), to the Trustee. Section 6 provides:

> [Ameriquest] acknowledges and consents to the transfer to. . .the Trust of all of DLJMC's rights against [Ameriquest] pursuant to each Mortgage Loan Purchase Agreement insofar as such rights relate to the Mortgage Loans and to the enforcement or exercise of any right or remedy against the [Ameriquest] pursuant to the Mortgage Loan Purchase Agreement, including, without limitation, the remedies specified in Section 7.04 of the Mortgage Loan Purchase Agreement, subject to Section 3 hereof. Such enforcement of a

right or remedy by the Trustee shall have the same force and effect as if the right or remedy had been enforced or exercised by DLJMC directly.

Also on November 30, 2006, Plaintiff and DLJ, among others, entered the Pooling and Service Agreement. Section 2.03 of that agreement authorized the Trustee to invoke Ameriquest's obligations under the repurchase protocol and established DLJ's backstop obligation in the event Ameriquest is "unable to cure" a breach or replace a defective Loan. Specifically, Section 2.03 of the PSA provides:

> Upon discovery by any of the parties hereto . . . of the breach by [Ameriquest] of any representation, warranty or covenant under the Mortgage Loan Purchase Agreement or the Reconstitution Agreement. . .the party discovering such breach shall notify a Responsible Officer in the Corporate Trust Office of the Trustee . . .If [Ameriquest] does not . . .cure such defect or breach in all material respects during such period, the Trustee shall enforce the obligations of [Ameriquest] under the Mortgage Loan Purchase Agreement and the Reconstitution Agreement to repurchase such Mortgage Loan from the Trust Fund at the Purchase Price, to the extent that the Originator is obligated to do so under the Mortgage Loan Purchase Agreement and the Reconstitution Agreement. In the event that [Ameriquest] shall be unable to cure the applicable breach or repurchase a related Mortgage Loan in accordance with the preceding sentence, [DLJ] shall do so.

**B. Alleged Discovery and Notice of Breaches of Representations and Warranties**

    **a. Independent Discovery Allegations**

The Trustee alleges, based on forensic reviews, that the Loans suffer from numerous defects in violation of Defendants' representations and warranties including, among other things, (1) misrepresented borrower income, (2) misrepresented borrower debt, (3) misrepresented occupancy status, (4) incorrect loan-to-value ratios and (5) violations of underwriting guidelines (Cplt. ¶¶29-49). The Complaint provides examples of breaching Loans based on the forensic reviews (Cplt. ¶¶32, 34, 36, 39, 42).

The Trustee alleges that Defendants independently discovered the breaches because Defendants had access to Loan files as well as other documents and because they were made

**653140/2015   U.S. BANK NATIONAL ASSOCIATION vs. DLJ MORTGAGE CAPITAL, INC**                **Page 6 of 17**
**Motion No.  005 006**

6 of 17

aware of such breaches via other lawsuits and investigations (Cplt. ¶¶50-58). Specifically, the Trustee alleges that Ameriquest "knew or should have known, of pervasive breaches of its R&W's as of the RA's closing date of November 30, 2006" and that Ameriquest was grossly negligent (Cplt. ¶¶50-52). With respect to DLJ, the Trustee alleges that it too "knew, or should have known, of pervasive breaches" and that DLJ had actual knowledge no later than September 2, 2011, when the FHFA Action was filed (Cplt. ¶¶51-58).

### b. Notice Allegations

The Trustee alleges that "[o]n March 28, 2012, the Trustee provided DLJ with written notice that Ameriquest had breached its R&Ws for 1,124 Mortgage Loans" and sought to invoke the protocol against DLJ, but not (at that time) against Ameriquest (Cplt. ¶65 and Ex. C).

The Trustee asserts that it provided notice to Ameriquest concerning 1,124 loans on December 20, 2012, nearly nine months *after* the notice provided to DLJ (Cplt. ¶59 and Ex. A). Plaintiff asserts that it provided supplemental notice concerning another 915 loans on May 16-17, 2019 (Cplt. ¶60 and Ex. B [Exhibits A-C of the Complaint are each a "Notice" and collectively the "Notices"). Plaintiff alleges that Defendant Ameriquest was unable to repurchase the defective loans because it has been inactive since 2007 and DLJ has failed to repurchase the defective loans as Ameriquest's backstop (Cplt. ¶¶ 59-67).

### C. The Trustee's Claims

The Trustee's Complaint asserts four causes of action. The First Cause of Action is for breach of contract against Ameriquest. The claim is based on an allegation that the Trustee served Notices upon Ameriquest on December 20, 2012, concerning 1,124 Loans and on May 16 and 17, 2018 concerning an additional 915 Loans (Cplt. ¶71). In the alternative, the Trustee argues that it was both excused from its notice obligations because "Ameriquest has been defunct

**653140/2015 U.S. BANK NATIONAL ASSOCIATION vs. DLJ MORTGAGE CAPITAL, INC**
**Motion No. 005 006**

**Page 7 of 17**

7 of 17

[* 7]

since 2007" and because of "Ameriquest's gross negligence" (Cplt. ¶¶72-73). While the First

Cause of Action states that Ameriquest's liability accrues "upon discovering or being notified of

breaches. . ." it does not assert any discovery-based claims against Ameriquest.

The Complaint's Second, Third and Fourth causes of action are asserted against DLJ.

The Second Cause of Action alleges that DLJ breached Section 2.05 and Schedule 3 of the PSA

by failing to cure or repurchase five defective Loans for which Notice was provided in 2019

(Cplt. ¶¶79-80). The Third Cause of Actions alleges that DLJ breached Section 2.03 of the PSA

by failing to backstop Ameriquest's obligations under the Notices (Cplt. ¶¶85-86). In the

alternative, the Trustee raises the same futility and gross negligence arguments that it asserts

against Ameriquest (Cplt. ¶¶87-88). The Fourth Cause of action for "Failure to Notify" alleges

that DLJ breached Sections 2.03 and 2.05 of the PSA by failing "to give prompt written notice to

the Trustee upon discovering breaches. . ." (Cplt. ¶¶93-94).

### D. Procedural History

#### a. The 2012 Action

On November 29, 2012 – the day before the statute of limitations was to expire – the

Trustee initiated an action against Defendants (the "2012 Action" [Index No. 654147/2012]) by

filing a Summons with Notice (2012 Action NYSCEF 1).

The Trustee's Complaint was filed on May 7, 2013 (2012 Action NYSCEF 5). The 2012

Action Complaint alleges that on "December 20, 2012, the Trustee gave notice to Ameriquest of

breaches of R&Ws concerning 1,124 Defective Loans in the Trust that were the subject of the

forensic review, together with supporting documentation. On March 28, 2012, the Trustee sent

DLJ a Notice concerning the same 1,124 Defective Loans in the Trust that were the subject of

**653140/2015  U.S. BANK NATIONAL ASSOCIATION vs. DLJ MORTGAGE CAPITAL, INC**
**Motion No.  005 006**

**Page 8 of 17**

8 of 17

the forensic review, together with supporting documentation" (2012 Action Cplt. ¶9 [2012 Action NYSCEF 5]).

The 2012 Action Complaint also alleges that "DLJ 'discovered' the breaches at issue, as that term is referenced in PSA § 2.03(a)(i), no later than the date DLJ became aware that it was a defendant in the FHFA Action and of the allegations contained therein. DLJ's attorneys filed a notice of appearance in the FHFA Action on or about September 29, 2011" (2012 Action Cplt. ¶57). The 2012 Action also alleges that "Plaintiff expects to uncover additional breaches and identify additional Defective Loans in discovery and as the forensic review continues" (2012 Action Cplt. ¶7).

DLJ moved to dismiss the 2012 Action based on the statute of limitations and on the Trustee's purported failure to serve a repurchase demand on Ameriquest as necessary to invoke DLJ's backstop liability. The 2012 Action was dismissed as against DLJ, without prejudice to refiling under CPLR 205(a), based on the Trustee's failure to fulfill a condition precedent to suit in the MLPA by serving a pre-suit notice of breach on Ameriquest and permitting a ninety-day cure period (*U.S. Bank Nat. Ass'n v DLJ Mortg. Capital, Inc.,* 2015 WL 1331268 *10 [Sup Ct New York County March 24, 2015] [Friedman, J.], *affd* 141 AD3d 431 [1st Dept 2016], *affd sub nom.,* 33 NY3d 72 [2019]). Justice Friedman held that while the claims were timely, "the Trustee fail[ed] to plead allegations which, if proved, would be sufficient to support its claim that its failure to serve a timely repurchase demand on Ameriquest is excusable" on futility or other grounds (*id.* at *8-10).

DLJ appealed Justice Friedman's decision on the ground that the dismissal of the Trustee's claims should have been with prejudice. While DLJ's appeal was pending, the Trustee and Ameriquest stipulated to the dismissal of the Trustee's claims against Ameriquest, without

653140/2015   U.S. BANK NATIONAL ASSOCIATION vs. DLJ MORTGAGE CAPITAL, INC
Motion No.  005 006

Page 9 of 17

9 of 17

[* 9]

prejudice to refiling under CPLR 205(a), to allow the Trustee's claims against both Defendants to proceed in a consolidated action (2012 Action NYSCEF 268).

### b. The 2015 and 2019 Actions

On September 17, 2015, within six months of this Court's dismissal of the 2012 Action, the Trustee commenced the 2015 Action against Defendants Ameriquest and DLJ (2015 Action NYSCEF 1), relying upon CPLR 205(a) to "revive" its claims (*id.* ¶1). The Trustee and DLJ stipulated that the 2015 Action would be stayed pending DLJ's appeal of Justice Friedman's decision dismissing the 2012 Action without prejudice (2015 Action NYSCEF 5).

On July 7, 2016, the First Department affirmed the dismissal of the 2012 action without prejudice to refiling under CPLR 205(a) (141 AD3d 432). On February 19, 2019, the Court of Appeals affirmed that decision (*U.S. Bank N.A. v DLJ Mtge. Capital, Inc.*, 33 NY3d 72, 82 [2019] ["*ABSHE 2006*"]). In *ABSHE 2006*, The Court of Appeals held that "RMBS notice and sole remedy provisions are not substantive elements of the cause of action, but instead limitations on the remedy for a breach of the mortgage loan representations and warranties," which are "procedural" and "do not affect when the statute of limitations commences" (*Id.* at 80). The Court of Appeals observed "that failure to comply with a procedural condition precedent may be a fatal flaw to maintaining the prior action and grounds for dismissal but is not a judgment on the merits for purposes of CPLR 205(a)" (*id.* at 80 *citing Carrick v. Central General Hospital*, 51 N.Y.2d 242, 434 N.Y.S.2d 130, 414 N.E.2d 632 [1980]). Accordingly, the Court of Appeals held that "[t]he Trustee's failure to comply with the notice and cure or repurchase condition precedent within the applicable statute of limitations does not foreclose refiling of its action for alleged breach of RMBS representations and warranties pursuant to CPLR 205(a). Therefore, its claims were properly dismissed without prejudice" (*id.* at 82).

653140/2015   U.S. BANK NATIONAL ASSOCIATION vs. DLJ MORTGAGE CAPITAL, INC
Motion No.  005 006

Page 10 of 17

10 of 17

[* 10]

On August 19, 2019 - while the 2015 Action was still pending – the Trustee filed the 2019 Action "to preserve its right to file a new action pursuant to CPLR 205(a) within six months of the Court of Appeals' decision" (2019 Action Cplt. ¶10).

### c. The Motions to Dismiss, Supplemental Briefing and Subsequent Proceedings in *HEAT 2007-1*

Given that the Amended Complaint in the 2015 Action and the Complaint in the 2019 Action are nearly identical, the parties stipulated that Defendants would file motions to dismiss addressed to both the 2015 and 2019 Actions (2019 Action NYSCEF 17). Defendants filed their motions on January 13, 2020. Defendants' motions rely principally on the Trustees failure to comply with paragraph 4 of Section 7.04 of the MLPA which – through the RA - imposes an affirmative duty on the Trustee to provide notice to Ameriquest within ninety days of the discovery of a breach. The Court heard oral argument and the parties settled a transcript (NYSCEF 274).

Following the completion of briefing and oral argument, the Court of Appeals issued decisions in other RMBS cases (*U.S. Bank N.A. v DLJ Mtge. Capital, Inc.*, 38 NY3d 169, 173 [2022] [*"HEAT 2007-1"*] and *ACE Sec. Corp. v DB Structured Products, Inc.*, 38 NY3d 643, 647 [2022] [*ACE II*]). As a result, the Court invited the parties to submit supplemental briefing, which they did (2019 Action NYSCEF 280-283).

### DISCUSSION

#### A.     Legal Standard

Ameriquest moves to dismiss the claims asserted against it pursuant to CPLR 3211(a)(1), (2), (4), (5), (7) and (8). DLJ moves to dismiss pursuant to CPLR 3211(a)(1), (4), (5) and (7).

"On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction. . . Under CPLR 3211(a)(1), a dismissal is warranted only if the documentary

**653140/2015    U.S. BANK NATIONAL ASSOCIATION vs. DLJ MORTGAGE CAPITAL, INC**                    **Page 11 of 17**
**Motion No.  005 006**

11 of 17

evidence submitted conclusively establishes a defense to the asserted claims as a matter of law…
In assessing a motion under CPLR 3211(a)(7), however, a court may freely consider affidavits
submitted by the plaintiff to remedy any defects in the complaint. . .and 'the criterion is whether
the proponent of the pleading has a cause of action, not whether he has stated one'" (*Leon v
Martinez*, 84 NY2d 83, 87-88 [1994] [citations omitted]). The Agreements are "documentary
evidence" for purposes of CPLR 3211(a)(1) (*Array BioPharma, Inc. v AstraZeneca AB*, 184
AD3d 463, 464 [1st Dept 2020]). Similarly, the Notices are properly considered because they
are annexed to the Complaint and are "a part thereof for all purposes" (*805 Third Ave. Co. v
M.W. Realty Assoc.,* 58 NY2d 447, 451 [1983] [citations omitted]).

## B. The Complaint's Notice-Based Causes of Action Are Dismissed with Prejudice

The Court of Appeals has "in the RMBS context. . . repeatedly enforced sole remedy
provisions—a typical component of these transactions—in accordance with their plain terms. . ."
(*HEAT 2007-1,* 38 NY3d at 178 [collecting cases]). In *ABSHE 2006* (*i.e.,* the 2012 Action) the
Court of Appeals observed that "failure to comply with a procedural condition precedent may be
a fatal flaw to maintaining the prior action and grounds for dismissal," even though it "is not a
judgment on the merits for purposes of CPLR 205 (a)" (33 NY3d at 80 [citing *Carrick v Central
Gen. Hosp.*, 51 NY2d 242 [1980]). Further, the Court of Appeals in *Heat 2007-1* held that
"nothing in our decision in [*ABSHE 2006*] approves of post-suit notice" (38 NY2d at 182)

Here, the record is clear that the Trustee did not serve notice on Ameriquest within ninety
(90) days of the Trustee's discovery of a breach, as required by paragraph 4 of Section 7.04 of
the MLPA. Instead, the Trustee served notice of breach *on DLJ* on March 28, 2012 (thus
establishing the latest possible date of the Trustee's "discovery" of such breaches), but failed to
provide notice to Ameriquest until December 2012, more than 90 days thereafter. The Trustee's

**653140/2015   U.S. BANK NATIONAL ASSOCIATION vs. DLJ MORTGAGE CAPITAL, INC**
**Motion No.  005 006**

Page 12 of 17

12 of 17

failure to provide the contractually required notice to Ameriquest within 90 days of the Trustee's discovery of the breaches is fatal to the Trustee's notice-based claims against Ameriquest, as the time for providing such notice has lapsed. Because liability on the part of Ameriquest is necessary to invoke DLJ's backstop obligations, the notice-based claims against DLJ must be dismissed as well.

The Trustee's various arguments to avoid dismissal of its notice-based claims are unavailing. First, contrary to the Trustee's contention, the repurchase protocol is not ambiguous (*Donohue v Cuomo*, 38 NY3d 1, 13 [2022] [collecting cases]). The Court must examine the Agreements as a whole and "avoid manufacturing artificial ambiguities" where none exists (*Hamburg v New York Univ. School of Medicine*, 155 AD3d 66, 85 [1st Dept 2017] *citing Riverside S. Planning Corp. v CRP/Extell Riverside, L.P.,* 13 NY3d 398, 404 [2009]). Section 7.04's ninety-day notice provision is clear on its face and discovery "would simply be an opportunity for plaintiff to uncover parol evidence to attempt to create an ambiguity in an otherwise clear and unambiguous agreement" (*Condor Capital Corp. v CALS Inv'rs, LLC,* 179 AD3d 592 [1st Dept 2020] *quoting RM Realty Holdings Corp. v. Moore*, 64 A.D.3d 434, 437, 884 N.Y.S.2d 344 [1st Dept. 2009]).

Second, Defendants' motion based on paragraph 4 of Section 7.04 is not barred by CPLR 3211(e)'s "single motion" rule or principles of waiver as these are Defendant's first motions to dismiss in the 2015 and 2019 Actions (*Mark-Holli Realty, Inc. v New York City Loft Bd.*, 205 AD2d 315, 315 [1st Dept 1994]).

Nor are the Trustee's assertions of gross negligence and futility sufficient to avoid the clear mandates of the repurchase protocol. The Court of Appeals has held that allegations of gross negligence do not render unenforceable repurchase protocols that "impose reasonable

653140/2015   U.S. BANK NATIONAL ASSOCIATION vs. DLJ MORTGAGE CAPITAL, INC
Motion No.  005 006

Page 13 of 17

13 of 17

limitations" (*Matter of Part 60 Put-Back Litig.*, 36 NY3d 342, 352 [2020]; *see HEAT-2007-1*).

Moreover, Justice Friedman determined in the 2012 Action that service of notice on Ameriquest was not excused as futile (*U.S. Bank Nat. Ass'n v. DLJ Mortg. Capital, Inc. et. ano*, 2015 WL 1331268, 2015 N.Y. Slip Op. 30424(U) [Sup. Ct. N.Y. County March 24, 2015]), and the Court sees no reason to depart from that conclusion. Indeed, the Trustee does not press the issue in opposition to the instant motion, noting only that in 2012 – before it served the belated Notices – "it *appeared* such notice would be futile" (NYSCEF 234 at 6 [emphasis added]).

Accordingly, the Complaint's First, Second and Third Causes of Action based on the Notices are dismissed with prejudice.[4]

---

[4] Defendants also seek dismissal of the Trustee's notice-based claims on the alternative ground that the Trustee's claims are barred by the six-year statute of limitations because it failed to provide notice to Ameriquest within the limitations period. In support of that argument, Defendants rely principally on principally on the Court of Appeals' 2022 decision in *Heat 2007-1*, which held that failure to provide notice prior to initiating litigation was fatal to the Trustee's claims in the circumstances presented in that case. That argument is, however, foreclosed by the Court of Appeals' decision in the 2012 iteration of *this* case (*ABSHE 2006*, 33 NY2d 72). In *ABSHE 2006*, the court specifically rejected Defendants' argument that "an action based on alleged violations of RMBS representations and warranties is untimely if the trustee does not provide notice and an opportunity to cure as required by the PSA, within the CPLR six-year statute of limitations" (*id*. at 77). The court held instead that "[t]he trustee's failure to comply with the notice and cure or repurchase condition precedent within the applicable statute of limitations does not foreclose refiling of its action for alleged breach of RMBS representations and warranties pursuant to CPLR 205 (a)" (*id*. at 82). The court's invocation of CPLR 205(a) necessarily included a finding that the 2012 Action was "timely commenced" because the Trustee's *lawsuit* was filed within the statutory 6-year period, regardless of when notice and opportunity to cure breaches was provided to Defendants. The Court of Appeals in *Heat 2007-01* did not question that conclusion (on the facts presented), though it did make clear (as noted above) that "nothing in our decision in [the 2012 Action] approves of post-suit notice" (38 NY2d at 182). In sum, because the Court of Appeals has already found in *ABSHE 2006* that the 2012 Action was "timely commenced" for statute of limitations purposes, the same is necessarily true of the 2015 Action by virtue of the Trustee's compliance with CPLR 205(a). If Defendants are

653140/2015 U.S. BANK NATIONAL ASSOCIATION vs. DLJ MORTGAGE CAPITAL, INC
Motion No. 005 006

Page 14 of 17

14 of 17

## C. The Complaint's Discovery-Based Claim is Sustained

In the 2012 Action, the Trustee alleged that "DLJ 'discovered' the R&W breaches at issue, as that term is referenced in PSA § 2.03(a)(i), no later than the date DLJ became aware that it was a defendant in the FHFA Action and of the allegations contained therein. DLJ's attorneys filed a notice of appearance in the FHFA Action on or about September 29, 2011" (2012 Action Am Cplt. ¶57 [2012 Action NYSCEF 32]).  The 2015 Action was timely commenced under CPLR 205(a).

As stated above, failure to provide notice under the repurchase protocol is not fatal to the Trustee's claims if DLJ "discovered" the breach (*U.S. Bank N.A. as Tr. of Home Equity Asset Tr. 2007-1 (HEAT 2007-1)*, 209 AD3d at 553; *Nomura Home Equity Loan, Inc. v Nomura Credit & Capital, Inc.*, 133 AD3d 96, 105 [1st Dept 2015], *affd as mod sub nom.* 30 NY3d 572 [2017]). The Trustee's factual allegations in this case are sufficient to permit this claim to proceed (*Park Royal I LLC v HSBC Bank USA, N.A.*, 2022 N.Y. Slip Op. 31715[U], 8 [N.Y. Sup Ct, New York County 2022] ["plaintiffs' allegations about defendant's knowledge of the breaches are sufficient at the pleading stage. Discovery will shed light on whether defendant had any actual knowledge of loan-specific breaches, which must be proven at the summary judgment stage or at trial"]).[5]

_____

to obtain a ruling further narrowing the reach of *ABSHE 2006* with respect to the statute of limitations on the facts of this case, it will have to come from a Court higher than this one.

[5] In the *HEAT 2007-1* litigation, which is pending before this Court under Index Number 650369/2013, U.S. Bank filed a motion to determine the standard to be applied at trial under a "discovery" theory.  Following oral argument on September 22, 2022, this Court held that "plaintiff can satisfy the discovery requirement in Section 2.03(d) by showing that defendant knew or should have known about breaches of representations and warranties" [HEAT 2007-1, Index No. 650369/2013, NYSCEF 1029 [Tr. at 36] [citing *U.S. Bank Nat. Ass'n v GreenPoint Mortg. Funding, Inc.*, 147 AD3d 79, 86 [1st Dept 2016] ["the allegation that defendant breached the repurchase protocol under the contract, because it knew or should have known that the loans

**653140/2015   U.S. BANK NATIONAL ASSOCIATION vs. DLJ MORTGAGE CAPITAL, INC**
**Motion No.  005 006**

**Page 15 of 17**

15 of 17

[* 15]

The Amended Complaint in the 2015 Action (NYSCEF 178) adequately alleges a "failure to notify claim" against DLJ based on DLJ's alleged discovery of the breaches notwithstanding the absence of timely notice to Ameriquest. Thus, the Fourth Cause of Action may proceed on that basis against DLJ.

While the Trustee suggests that it may have viable discovery-based claims against Ameriquest based on Ameriquest's gross negligence, [Cplt. ¶¶50-51, 73; NYSCEF 234 at 25-26], no "failure to notify" discovery claims are asserted against Ameriquest akin to the Fourth Cause of Action against DLJ. However, given that there are factual allegations in the Amended Complaint asserting that Ameriquest did actually "discover" breaches, the Trustee may seek leave to amend to add a "failure to notify" claim against Ameriquest based on such allegations.

### D. The 2019 Action is Dismissed

CPLR 3211(a)(4) permits the Court to dismiss an action where "there is another action pending between the same parties for the same cause of action. . ." The Amended Complaint in the 2015 Action and the Complaint in the 2019 Action were filed on the same day and assert the same claims against the same parties. The Court has determined that the 2015 Action was timely commenced pursuant to CPLR 205(a) after dismissal of the 2012 Action. Accordingly, dismissal of the now-duplicative 2019 Action is warranted under CPLR 3211(a)(4) (*Syncora Guar. Inc. v*

---

were in breach of the warranties and representations, is sufficient to withstand a motion to dismiss"]). The Court went on to observe that "there must be some granularity in the proof[,] whether it's referring to individual loans or identifiable groups of loans or something along those lines …," such that "the requisite discovery applies to the individual loans [in] suit" (*id*. at 36-37]).

[* 16]

*J.P. Morgan Sec. LLC*, 110 AD3d 87, 96 [1st Dept 2013]; *PK Rest., LLC v Lifshutz*, 138 AD3d 434, 436 [1st Dept 2016]).  A separate order of dismissal shall issue in the 2019 Action.

\*　　\*　　\*　　\*

Accordingly, it is

**ORDERED** that Defendant Ameriquest's motion to dismiss is **GRANTED** and the Complaint is dismissed against Ameriquest, without prejudice solely to seeking leave to amend to assert a "failure to notify" discovery-based claim against Ameriquest; it is further

**ORDERED** that Defendant DLJ's motion to dismiss is **GRANTED** insofar as the Second and Third Causes of Action are dismissed with prejudice, but the motion is **DENIED** with respect to the Fourth Cause of Action; it is further

**ORDERED** that the remaining parties appear for a telephonic preliminary conference on **Tuesday January 9, 2024 at 2:30** pm and circulate dial-in instructions to SFC-Part3@nycourts.gov in advance.[6]

This constitutes the decision and order of the Court.

20231230134912JMCOHEN3F2AD8409E0E40399E32BE1D36B34BB8

| 12/30/2023 | | | | JOEL M. COHEN, J.S.C. |
| DATE | | | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

---

[6] If the parties agree on a proposed preliminary conference order in advance of the conference date (consistent with the guidelines in the Part 3 model preliminary conference order, available online at https://www.nycourts.gov/LegacyPDFS/courts/comdiv/NY/PDFs/PC-Order-Part-3.pdf), they may file the proposed order and email a courtesy copy to chambers with a request to so-order in lieu of holding the conference.

653140/2015   U.S. BANK NATIONAL ASSOCIATION vs. DLJ MORTGAGE CAPITAL, INC
Motion No.  005 006